**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE: 650.856.3700
FACSIMILE: 650.856.3710

GINA A. BIBBY, CA Bar No. 242657, gbibby@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
TELEPHONE: 414.271.2400
FACSIMILE: 414.297.4900

KIMBERLY K. DODD, CA Bar No. 235109, kdodd@foley.com

Attorneys for Plaintiff ILLUMINA, INC.

FILED
2010 SEP 10 P 4:07
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

CV 10 80 226 MISC CRB

| | |
|---|---|
| In re Subpoena to Gregory Kirk | |
| ILLUMINA, INC.<br><br>Plaintiff,<br><br>v.<br><br>AFFYMETRIX, INC.<br><br>Defendant. | Case Nos.: 09-cv-277-bbc<br>09-cv-665-bbc<br>(Consolidated Actions in the Western District of Wisconsin)<br><br>**ILLUMINA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY GREGORY KIRK AND SUPPORTING MEMORANDUM**<br><br>Judge: Honorable Charles R. Breyer<br><br>Date: October 15, 2010<br>Time: 10:00 a.m.<br>Location: Courtroom 8; 19th Fl. |

ILLUMINA'S MOTION TO COMPEL AND SUPPORTING MEMORANDUM

MILW_10421194.3

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT at 10:00 a.m., on October 15, 2010, or as soon as the matter may be heard, in Courtroom 8, 19th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff, Illumina, Inc. ("Illumina") will move this court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling production of certain documents withheld by Dr. Gregory L. Kirk ("Kirk").

Illumina seeks an order granting Illumina's motion to compel Kirk to produce documents numbered 3-22, 40-41, 44-48, 65-67, 70-72 and 201-206 identified on the Privilege Log of Dr. Gregory L. Kirk as immune from production as work product. The grounds for this motion are set forth below and supported by the declaration of Gina A. Bibby and exhibits in support thereof, any reply papers which may be filed, and such other matters as may be brought before the Court prior to or at the hearing of this motion. A proposed order granting the motion is filed herewith.

**INTRODUCTION AND BACKGROUND**

This discovery dispute arises out of two currently pending and consolidated patent litigation cases in the Western District of Wisconsin before Judge Barbara B. Crabb, captioned *Illumina, Inc. v. Affymetrix, Inc.*, Case Nos. 09-cv-277-bbc and 09-cv-665-bbc (consolidated). The case is between Illumina, Inc., located in San Diego, CA and Affymetrix, Inc., located in Santa Clara, CA. Both companies are involved in the development and manufacture of biotechnology products used for genetic analysis. The two Illumina patents at issue relate to microarrays, which are devices used, among other things, to identify genes that cause disease, to diagnose disease, and to develop pharmaceuticals to treat disease. The consolidated cases, which are scheduled for trial in March 2011, are currently in the discovery and expert discovery phase, with dispositive motions due September 17, 2010 and discovery ending on December 17, 2010.

This discovery dispute concerns documents withheld by Kirk on the grounds of work product immunity. Kirk is a non-party to this litigation. ▊ Affymetrix has alleged that Kirk is an inventor of the patents at issue, and Affymetrix has ▊

---

1 █████████████████████████████████████████
2 █████████████████████████████

3   Kirk resides in Pleasanton, CA and Illumina issued Kirk's subpoena out of the Northern
4 District of California. (September 10, 2010 Declaration of Gina A. Bibby ("Bibby Decl.") Ex.
5 A.) Kirk was deposed on August 19, 2010. He produced 3,343 pages of documents but also
6 withheld 250 documents based on grounds of privilege and work product. He provided a
7 privilege log with his production. (Bibby Decl. Ex. B.) As Kirk is subject to this Court's
8 subpoena power, Illumina is filing its motion to compel production in front of this Court.

9 **A.** ████████████████████
10

11   Kirk is not an ordinary witness in this litigation. After commencement of the litigation,
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ██████████████████████████
18   During his deposition, Kirk testified that █████████████
19 ████████████████████████████████████████
20 ████████████████████████████████████████
21 ████████████████████████████████████████
22 ████████████
23       ██████████████████████
24       ██████████████████████
25       ████████████████████
26       ████████████████
27       █████ ████
28       ██ ████████████████████

2
ILLUMINA'S MOTION TO COMPEL AND SUPPORTING MEMORANDUM

MILW_10421194.3



1
2
3  (Bibby Decl. Ex. D at 28:8-17.)  Furthermore, Kirk testified that █
4  █
5  █
6  █ (*Id.*
7  at 28:8-29:1.)
8       Despite the fact that █
9  █
10 █
11 █ Examples of such
12 entries are reproduced below[1]:
13
14
15
16
17
18 **B.    Kirk Has Withheld Documents Even Though █**
19
20       On August 27, 2010, counsel for Illumina sent a letter to Roger Chin and Marc Schuyler,
21 counsel for Affymetrix and Kirk, requesting the production of certain documents identified in the
22 privilege log on the grounds that such documents were not in fact protected.  (Bibby Decl. Ex.
23 F.)  Documents numbered 3-22, 40-41, 44-48, 65-67, 70-72 and 201-206 on the privilege log do
24 not qualify for the work product immunity because these documents were created during the time
25 period in which █ In addition, Kirk
26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
27 [1] Sandra Wells, referenced in the privilege log entries, is in-house IP counsel at Affymetrix.
28 [2] █

1 ████████████████████████████████████████
2 ████████████████████████████████████

3  On August 31, 2010, counsel for Affymetrix and Kirk responded, maintaining their
4 assertions of work product immunity and refusing to produce the above documents. (Bibby
5 Decl. Ex. G.) Thus, despite Illumina's good faith attempts to resolve this dispute, the parties
6 have been unable to come to a resolution regarding these documents.

## ARGUMENT

**I.     KIRK MUST PRODUCE DOCUMENTS THAT WERE CREATED** ████

10
11  Fed. R. Civ. P. 26(b)(3) states that "a party may not discover documents and tangible
12 things that are prepared in anticipation of litigation or for trial by or for another party or its
13 representative (including the other party's attorney, consultant, surety, indemnitor, insurer or
14 agent)." ██████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ██████████████████████████████████
18 ████████████████████████████████████
19 ████████████████████

20  During his deposition, Kirk testified that ██████████████
21 ████████████████████████████████████████
22 ████████████████████████████████████████
23 ████████████████████████████████████████
24 ████████████████████████████████████████
25 ████████████████████████████████████████
26 ████████████████ *See Blum v. Spectrum Rest. Group, Inc.*, No. 4:02-CV-98, 2003
27
28 ████████████████████████████████████ (Bibby Decl. Ex. H.)

---

4
ILLUMINA'S MOTION TO COMPEL AND SUPPORTING MEMORANDUM

MILW_10421194.8

1  U.S. Dist. LEXIS 2499, at *6-7 (E.D. Tex. Feb. 20, 2003) (holding that a third-party fact witness was not a party or a party's representative for purposes of Rule 26(b)(3)); *Kirschbaum v. WRGSB Assocs.*, No. 97-CV-5532, 1998 U.S. Dist. LEXIS 8860, at *3 (E.D. Pa. June 18, 1998) (holding that "documents created on behalf of a non-party are not protected by the work product rule"); *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 440 (N.D. Cal. 2010) (third-party documents are only considered protected work product when created by or for another party or its representative in anticipation of litigation).

Not only did Kirk himself state ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Therefore, pursuant to Fed. R. Civ. P. 37, the Court should compel Kirk to produce documents numbered 3-22, 40-41, 44-48, 65-67, 70-72 and 201-206 immediately.

**II.  KIRK MUST PRODUCE DOCUMENTS THAT WERE CREATED BY KIRK** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

In addition, it is improper for Kirk to withhold documents on the grounds of work product immunity ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Kirk's role in the present litigation is as a fact witness. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 █████████████████████████████████████████████████

2 █████████████ *See Kelley v. Microsoft Corp.*, No. 07-cv-475-mjp, 2009 U.S. Dist. LEXIS 8290, at *5-6 (W.D. Wash. Jan. 23, 2009) (holding that "it would be problematic to allow counsel to hire a fact witness and then instruct that witness under the cloak of privilege"); *Gonzales v. U.S.*, No. C-08-03189 SBA (EDL), 2010 U.S. Dist. LEXIS 52950, at *6 (N.D. Cal. May 4, 2010) (stating that it is improper to "shield communications with a non-party fact witness that would not otherwise be protected"); *Salzman v. Henderson*, No. 2:07-cv-00854, 2009 U.S. Dist. LEXIS 119384, at *4-5 (D. Utah Dec. 22, 2009) (quoting *B.H. v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 658 (N.D. Okla. 2005)) (stating that where a witness is acting both as an expert consultant and a fact witness, "courts must be aware of any party attempting to use the privilege as a sword while at the same time invoking the doctrine 'as a shield to prevent disclosure of he same or related materials'").

13 █████████████████████████████████████████████████

14 █████████████████████████████████████████████████

15 ████████████████████████████ *See In re Convergent Technologies Second Half 1984 Securities Litig.*, 122 F.R.D. 555, 558 (N.D. Cal. 1988) ("the law does not permit counsel or litigants to use the work product doctrine to hide the facts themselves"); *In re Bank One Secs. Litig.*, 209 F.R.D. 418, 423 (N.D. Ill. 2002) (stating that underlying factual information is not subject to the work product doctrine); *Blum*, 2003 U.S. Dist. LEXIS 2499 at *6 ("the work product privilege does not apply to the underlying facts relevant to litigation").

Therefore, pursuant to Fed. R. Civ. P. 37, the Court should compel Kirk to produce documents numbered 3-22, 40-41, 44-48, 65-67, 70-72 and 201-206 immediately.

## CONCLUSION

For the foregoing reasons, Illumina respectfully requests that the Court enter an order compelling Kirk to produce the above-referenced documents.

| | |
|---|---|
| Dated: September 10, 2010 | **FOLEY & LARDNER LLP**<br>GINA A. BIBBY<br>KIMBERLY K. DODD |

By: _____
GINA A. BIBBY
Attorneys for Plaintiff ILLUMINA, INC.

7
ILLUMINA'S MOTION TO COMPEL AND SUPPORTING MEMORANDUM

MILW_10421194.8